UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Superior Seafoods Inc., et al.,                                   Civil No. 05-170 (DWF/FLN)

                Plaintiffs,
v.                                                                **REPORT AND**
                                                                           **RECOMMENDATION**

Hanft Fride, et al.,

                Defendants.

_____

Marcy S. Wallace for Plaintiffs.
Timothy J. O'Connor for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 7, 2011 on Defendants' Motion to Review Award of Costs Pursuant to Local Rule 54.3(c) (ECF No. 207). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **GRANTED in part, and DENIED in part**.

## I.  BACKGROUND

On June 6, 2011, judgment was entered in this matter on behalf of Defendants. (ECF No. 199.) After judgment was entered, Defendants filed a Verified Bill of Costs seeking recovery of costs incurred in defending the case. (ECF No. 200.) Defendants requested costs in the amount of $265,021.83 for the six year case pursuant to 28 U.S.C. § 1920. The Clerk taxed costs in the amount of $13,295.75. (ECF No. 206.) Defendants filed the instant motion seeking an award of all the costs originally requested. (ECF No. 207.) By the time of the hearing on November 7,

1

2011, Defendants had reduced the request to $47,288.13 by conceding that they were not entitled to taxation of costs for witness fees, copies, and other expenses. The only categories of costs remaining in dispute are (1) deposition transcripts and (2) printing and copying costs.

## II.   LEGAL ANALYSIS

### A.   Costs for all deposition transcripts should be taxed.

Defendants seek taxation of costs denied by the Clerk for an additional six deposition transcripts, amounting to $2,150.08.[1] The prevailing party in federal court generally is entitled to recover the costs enumerated in 28 U.S.C. § 1920. *See* Fed. R. Civ. P. 54(d)(1). The court may tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In general, depositions that merely assist discovery or that are purely investigatory in nature are not taxable, but transcripts that are used in a court proceeding or that are deemed reasonably necessary to the parties at the time they are taken can be taxable. *See Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994). The parties agree that under caselaw in this District, deposition transcripts for witnesses that possessed information relevant to the claims or defense in the case may be taxed, even though the transcripts were not used at summary judgment. *See, e.g., E.E.O.C. v. Hibbing Taconite Co.*, 2010 WL 4237318, at *2 (D. Minn. Oct. 21, 2010).

The transcript of Kevin Hopkins is taxable consistent with *Ryther*. The Hopkins transcript was filed as an affidavit in support of a summary judgment motion (ECF No. 42) as well as cited in supporting and opposing memorandums (ECF Nos. 44, 83). The Court finds the Hopkins transcript was "necessarily obtained for use in the case," and the additional $784.58 fee

---

[1] Defendants conceded at the hearing that the $7,898.00 line item for the Joseph Cordray deposition, included in the deposition transcript section of the Bill of Costs, was in fact an expert witness fee and therefore not taxable.

for this transcript should be taxed.

Transcripts for the Maggs, Berman, Belmont, Eschweiler and Van Bubber depositions were not filed in support of a motion for summary judgment. However, all of these depositions were noticed by Plaintiffs. At the hearing, Defendants argued that these individuals were deposed because they were believed to possess information relevant to the trademark rights at issue in the case and to damages. For the foregoing reasons, the Court finds that these transcripts were "necessarily obtained for use in the case" by Defendants, and an additional $1,365.50 should be taxed for these transcripts.

Plaintiffs do not object to the fees for deposition transcripts already taxed by the Clerk, an amount of $12,479.78, and also withdrew their objection to $2,624.71 for three video depositions. Therefore, adding the additional $2,150.00 in fees granted above, a total amount of $17,254.57 should be taxed for deposition transcripts.

**B.     "Printing" costs should be taxed to the extent Defendants have shown they were necessary.**

Defendants seek taxation of costs for printing fees in the amount of $29,217.59. These costs were denied by the Clerk in full. Before the hearing, the parties agreed that line items originally classified as "printing" are best classified as copies under § 1920. Fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. 28 U.S.C. § 1920(4). Many courts have found photocopies of trial exhibits and exhibits for summary judgment to have been "necessary for use in a case." *See, e.g., Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1094 (D. Minn. 1999) *aff'd*, 226 F.3d 951 (8th Cir. 2000) (taxing photocopies of trial exhibits and exhibits for summary judgment). District courts have broad discretion over whether or not to tax

3

discovery-related copying. *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601-02 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 3506 (2010).

The Clerk denied taxation of costs for printing because no explanation was provided that allowed the Clerk to determine that the claimed fees were "necessary for use in the case." (ECF No. 206-1.) At the hearing on this motion, both parties agreed that copies related to the California bankruptcy case, listed as line items for "Summit Reprographics" in the Verified Bill of Costs (ECF No. 200), were made in the interest of reducing the scope of issues in this case. The parties dispute the ultimate value of the copies of the California files, but both parties made use of those copies. Therefore, the Court finds such copies were "necessarily obtained for use in the case." Thus, the costs of copying of the California bankruptcy case files should be taxed in the amount of $12,389.98. The Court also finds that Defendants provided sufficient explanation of the necessity of the copying costs identified as related to Sara Lathrop, ABC Legal Services, and the U.S. Patent and Trademark Office. Those costs should be taxed in the amount of $339.81. The remainder of the "print" items should not be taxed for the reason stated by the Clerk – Defendants have not provided sufficient explanation to show these copies were necessary. In summary, a total of $12,729.79 should be taxed for "printing."

**C.     Expert Witness, Copy, and Other Expense Items should be taxed as recommended by the Clerk.**

The parties do not object to the taxation of costs as awarded by the Clerk in the remaining categories of expert witnesses, copies, and other expenses. No authority suggests that the Clerk's awards in such categories are erroneous, and those awards should be affirmed.

### III.     RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Defendants' Motion for Review of Taxation of Costs (ECF No. 207) be **GRANTED in part, and DENIED in part** as follows:

1. Tax a total of $17,254.57 for deposition transcripts;
2. Tax a total of $12,729.79 for printing and copies;
3. Affirm award for other categories as taxed by the Clerk ($80 for expert witnesses, $735.97 for copies, and $0.00 for other expenses) for a total of $30,810.33 in taxed costs.

<u>Summary of Taxation Recommendation</u>

| | |
|---|---:|
| Deposition Transcripts | $17,254.57 |
| Printing and Copies | $12,729.79 |
| Expert Witnesses | $80.00 |
| Copies | $735.97 |
| Other Expenses | $0.00 |
| **Total** | **$30,810.33** |

DATED:  November 21, 2011                                         *s/ Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before December 5, 2011, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by December 5, 2011, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.